UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

U<small>NITED</small> S<small>TATES OF</small> A<small>MERICA</small>,

    Plaintiff,

    v.

R<small>ODNEY</small> P<small>HILLIPS</small>,

    Defendant.
_____/

Case No. 14-cr-20344

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>
P<small>AUL</small> J. K<small>OMIVES</small>

**O<small>PINION AND</small> O<small>RDER</small> D<small>ENYING</small> D<small>EFENDANT'S</small> M<small>OTION FOR</small>
R<small>EDUCTION</small>/M<small>ODIFICATION OF</small> S<small>UPERVISED</small> R<small>ELEASE TERMS</small> & S<small>ENTENCE FOR</small>
G<small>OOD</small> C<small>AUSE</small> [20]**

**I. I<small>NTRODUCTION</small>**

On September 22, 2014, the Defendant agreed to plead guilty on one Count of Felon in Possession of a Firearm, 18 U.S.C. § 922(g). *See* Dkt. No. 15. On January 30, 2015, Defendant Rodney Phillips ("Defendant") was sentenced to twenty–four (24) months imprisonment, followed by two years of supervised release, subject to several terms and conditions. *See* Dkt. No. 19 at 2–8 (Pg. ID No. 69–75). Defendant, proceeding *pro se*, has filed a Motion for Reduction/Modification of Supervised Release Terms & Sentence for Good Cause. *See* Dkt. No. 20. For the reasons stated below, the Motion is **DENIED**.

## II. LAW AND ANALYSIS

The Defendant brings this motion on three grounds. First, the Defendant requests that this Court modify the terms of his supervised release. Next, the Defendant requests credit for time served in pre-trial detention. Finally, the Defendant challenges the application of the sentencing guidelines to his case.

### A. Modification of Supervised Release

The district court has broad discretion to impose appropriate conditions of supervised release. *U.S. v. Minor*, 440 F. App'x 479, 481–82 (6th Cir. 2011). Modifications to conditions of supervised release are governed by 18 U.S.C. § 3583(e).

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . modify . . . the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision.

18 U.S.C. § 3583(e)(2). Section 3553(a)(1) addresses the "nature and the circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3583(e)(2). Section 3553(a)(2)(B) addresses the need for the sentence imposed "to afford adequate deterrence to criminal conduct." § 3553(a)(2)(B). Section 3553(a)(2)(C) addresses the need for the sentence imposed "to protect the

public from further crimes of the defendant." § 3553(a)(2)(C). Section 3553(a)(2)(D) addresses the need for the sentence "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." § 3553(a)(2)(D). The court may also consider the kinds of sentence, the sentencing range established for the applicable category of offense, the applicable guidelines, policy statements, or amendments issued by the U.S. Sentencing Commission, the need to avoid unwarranted sentence disparities, and the need to provide restitution to victims. *See* §§ 3553(a)(4–7); *United States v. Minor*, 440 F. App'x 479, 482 (6th Cir. 2011).

The Court took these factors into consideration at sentencing. *See* Dkt. No. 18 at 4–5 (Pg. ID No. 65–66). The Defendant has provided no reasons under the above listed criteria for why his supervised release should be modified. Defendant merely argues that the terms of his supervised release are "general and vague." Dkt. No. 20 at 1 (Pg. ID No. 76). The Court finds this argument insufficient to modify the terms of supervised release. Accordingly, this request will be denied.

### B. Uncredited Pre-Trial Time

Defendant next moves to have the Court credit "any Pretrial Detention under Enlarged Conditions" toward his sentence, under 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. No. 20 at 3 (Pg. ID No. 78). However, Section 3582 provides that the Court may only reduce the defendant's term of imprisonment "upon motion of the

director of the Bureau of Prisons." 18 U.S.C. § 3582(c)(1)(A). The Bureau of Prisons has not moved for the reduction of the Defendant's sentence. Accordingly, this request is denied.

### C. Guideline Ambiguity

Finally, Defendant challenges his sentencing guidelines as unconstitutionally vague. Dkt. No. 20 at 3–4 (Pg. ID No. 78–79). He first challenges any "2 point gun enhancement added" to his sentence that was not specifically meant to apply to his conduct. *Id.* He also challenges any "Sentencing Guideline based enhancement or calculation factor of any kind" for "ambiguous priors." *Id.* at 2 (Pg. ID No. 77).

Defendant's challenge is without merit. Within the Defendant's plea agreement, Defendant not only agreed to his sentencing guideline range of 27–33 months, but he also agreed to waive any appeal of his sentence. *See* Plea Agreement. Additionally, the Defendant was only sentenced to 24 months imprisonment. Not only is this three months below what the sentencing guidelines recommend for the Defendant in this case, but it is also what the minimum recommended sentence *would have been* had the enhancement *not* been applied. *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table). Therefore, the Defendant is requesting relief from harm that never manifested in his case. Accordingly the argument fails.

### III. CONCLUSION

For the reasons stated above, the Defendant's Motion [20] is **DENIED**.

IT IS SO ORDERED.

Dated: July 13, 2016                      s/Gershwin A. Drain
                                          GERSHWIN A. DRAIN
                                          United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on **July 13, 2016.**

                                          s/Shawna Burns on behalf of Tanya R. Bankston
                                          TANYA R. BANKSTON
                                          Case Manager & Deputy Clerk